AUSTIN BRIDGE COMPANY ET AL V. B. C. TEAGUE.

No. 7862. Decided June 25, 1941.
(152 S. W., 2d Series, 1091.)

*Turner, Rodgers & Winn, Marion B. Solomon,* all of Dallas, and *Coleman Gay,* of Austin, for plaintiffs in error.

Plaintiff is not entitled to recover upon the contract in question as third party beneficiary, because the various terms and provisions thereof provide an alternative course of action upon failure of the contractor to pay the wages specified, and disclosed that the parties did not intend that suit should be brought by a third party; that plaintiff could not recover a master finisher's wages for the type of work done, when it had been classified as that of unskilled laborers, and by Article 5159a, under which the suit was brought, the Highway Department was given the sole authority to determine whether plaintiff was being paid the proper wage scale, and its decision was final and binding. Pearson Lbr. Co. v. Cooper, 54 S. W. (2d) 231; Marcus v. Amer, 117 Texas 368, 5 S. W. (2d) 960; Banker v. Breaux, 133 Texas 183, 128 S. W. (2d) 23.

*A. M. Felts, Wheeler & Wheeler,* and *F. A. Tyler,* all of Austin, for defendant in error.

Plaintiff having shown that he was a laborer upon the project, was entitled to sue as a third party beneficiary for the wages claimed by him and was not bound by the decision of the engineer under the terms of the contract, as those terms only made his decision final in matters pertaining to the quality of material and whether the work was being performed correctly and satisfactorily. Hearn v. Ralph Sollitt & Sons, 93

S. W. (2d) 551; Dozier v. City of Gatesville, 4 S. W. (2d) 131; 10 Tex. Jur. 207.

MR. JUSTICE SHARP delivered the opinion of the Court.

B. C. Teague filed this suit in the county court against Austin Bridge Company, Austin Road Company, and the Superior Lloyds of America, as surety, to recover the difference in the amount of wages paid him as an unskilled laborer and the wages claimed to be due him as a skilled laborer, for work done on a public works contract in Travis County. On a trial before the court without a jury he recovered judgment for $479.40, as the balance of wages due less one per cent. for the payment of old age benefits, $47.94 as attorney's fees, and six per cent. interest on the judgment from its date. An appeal from the judgment of the trial court was taken to the Court of Civil Appeals at Austin, and the judgment of the trial court was in all respects affirmed. 149 S. W. (2d) 674.

Teague sued as a third party beneficiary under a contract between Austin Bridge Company, Austin Road Company, and the State Highway Commission. He based his right of recovery on the contract and the provisions of Article 5159a, Vernon's Texas Civil Statutes, Acts 1933, 43 Leg., p. 91, which statute was expressly made a part of the contract.

Teague alleged that he established a lien on any funds in the hands of the Highway Department belonging to the contractors, by filing notices under provisions of Articles 5472a and 5472b, Vernon's Texas Civil Statutes, and seeks to hold the Superior Lloyds of America liable as surety for the contractors under Article 5472b-1, Vernon's Texas Civil Statutes. He also alleged that he did work for the contractors from July 23, 1938, to December 24, 1938, and that he worked 856.5 hours, and was paid wages as an unskilled laborer at forty and fifty cents per hour; but that the work he had performed was classified in the contract as skilled labor, and that the statute and the contract fixed the minimum wages for such work at $1.00 per hour.

Plaintiffs in error contend that Teague is not entitled to sue upon the contract involved here as a third party beneficiary, because said contract provided for an alternative course of action upon failure of the contractors to pay the wages specified, and that it clearly shows that the parties to the contract did not intend that suit should be brought thereon by a third

party. To reach a decision of this case, it is not necessary to pass upon this question. We may assume, for the purposes of this opinion, that Teague is entitled to sue upon this contract. Regardless of this contention, this record discloses an insuperable obstacle to Teague's recovery in this suit.

Article 5159a, Vernon's Texas Civil Statutes, furnishes the rules applicable to the construction of public works in this State. This Article requires that the public body awarding the contract

"shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract, and shall specify in the call for bids for said contract, and in the contract itself, what the general prevailing rate of per diem wages is for each craft or type of workman needed to execute the contract * * *."

Section 2 of the Act provides:

"It shall be the duty of such public body awarding the contract * * * to take cognizance of complaints of all violations of the provisions of this act * * * to withhold and retain therefrom all sums and amounts which shall have been forfeited pursuant to * * * this act; provided, however, no sum shall be so withheld * * * without a full investigation by the awarding body."

Section 2 further provides for heavy penalties, in the event the contractor should fail to comply with the terms of the law and the contract awarded him by virtue of this Article.

Section 3 requires that the records of the contractor "shall be open at all reasonable hours to the inspection of the public body awarding the contract, its officers and agents."

Section 4 of the Act provides:

"The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract or authorizing the work, whose decision in the matter shall be final."

The provisions in the contract placed those who were employed to do the work in three classes: (1) skilled labor; (2) labor (intermediate grade) ; and (3) unskilled labor.

Mr. Estep, superintendent for the construction company, testified that the duties of Teague while working for the contractors was "mostly rubbing concrete," and that he spent a majority of his time doing this character of work.

Teague testified that he worked from July 23, 1938, to on or near December 24, 1938, at a wage of forty cents an hour for part of the time, and fifty cents an hour for the remainder of the time. It is also undisputed that he accepted his checks each week and cashed them, and that he signed the payrolls reciting that he had been paid in full for the work performed by him. He made no complaint about the wages received by him, or that were due him, until a short time prior to December 24, 1938. He claims that he was entitled to wages as a master finisher, at the rate of $1.00 per hour. He could not tell how many hours he worked polishing concrete, or how many hours he worked on other kinds of labor.

The contract entered into by the Highway Department and the contractors for the construction of this public work contains many provisions, among which are the following:

"Authority of Engineer. The work will be done under the supervision of the Engineer, to his satisfaction, and in accordance with the contract, plans and specifications. The engineer will decide all questions which may arise as to the quality or acceptability of materials furnished and work performed; the manner of performance and rate of progress of the work; the interpretations of the plans and specifications; and as to the acceptable fulfillment of the contract on the part of the Contractor. His decisions will be final and he will have executive authority to enforce and make effective such decisions and orders as the Contractor fails to carry out promptly.

"Engineer as Referee. The Engineer will act as referee in all questions arising under the terms of the contract between the parties thereto and his decisions shall be final and binding."

The contract defines the term engineer as follows: "The State Highway Engineer of Texas or his authorized representatives."

Teague testified that he went to the Highway Department and presented his claim for $1.00 an hour a short while before he was discharged. He also testified that he presented his claim to the Resident Engineer, Stevenson. A hearing was had upon the complaint made by Teague, and his claim was refused.

On January 16, 1939, the State Highway Engineer wrote a letter to the District Engineer, pertaining to this hearing, and again it was held that Teague was not entitled to the amount claimed by him.

1 Teague is claiming his rights under the contract executed by the contractors to the Highway Department. Such claim rests upon the ground that it was made for his benefit. If that be true, he is bound by the terms and provisions of such contract. Western Union Tel. Co. v. Douglass, 104 Texas 66, 133 S. W. 877. The contract specifically provides that the engineer shall pass upon questions of dispute arising with reference to the enforcement of such contract. The reasons for that provision in contracts of this kind are quite obvious.

The Honorable Court of Civil Appeals held that the provisions contained in the contract giving the engineer the right to pass upon claims arising under the provisions of that contract did not apply to the claim presented by Teague. We disagree with the holding of the Court of Civil Appeals in this respect.

2 Teague presented his claim for additional wages claimed to be due him by virtue of the contract. His claim was denied. He cannot escape the binding effect of the decisions of the State Highway Engineer and of his authorized agents, without attacking the validity of such decisions by proper pleadings and competent proof. This he did not do.

In the recent case of City of San Antonio v. McKenzie Construction Co., 136 Texas 315, 150 S. W. (2d) 989, this Court, speaking through Mr. Justice Critz, said:

"When parties to a building contract agree to submit questions which may arise thereunder to the decision of the engineer, his decision is final and conclusive; unless in making it he is guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment. Galveston, H. & S. A. Ry. Co. v. Henry & Dilley, 65 Texas 685; 4 Tex. Jur., p. 709, sec. 4, and authorities there cited."

The judgments of the trial court and of the Court of Civil Appeals are hereby reversed, and judgment is rendered herein for plaintiffs in error.

Opinion delivered June 25, 1941.