**CITY OF SAN ANTONIO, Appellant,**

v.

**Ike MEADER, Jr., et al., Appellees.**

No. 13491.

Court of Civil Appeals of Texas.

San Antonio.

July 1, 1959.

Rehearing Denied Aug. 12, 1959.

Carlos C. Cadena, City Attorney, Charles L. Smith, Asst. City Atty., San Antonio, for appellant.

Albert M. McNeel, Jr., San Antonio, for appellee.

POPE, Justice.

City of San Antonio sued Ike Meader, Jr., a building contractor and his bondsmen, for damages for failure to make certain repairs to a fire station. The City Engineer was made the sole and final arbiter of the cause of the damages and he decided against Meader. The court rendered judgment denying the City's suit for damages, notwithstanding a jury verdict that the Engineer's decision was not arbitrary, capricious and unreasonable.

Meader, under a contract with the City, erected a Fire Station and agreed to guaranty, repair and maintain the station for a period of one year from completion. The contract broadly bound Meader to make repairs occasioned by any causes, but made exceptions to this duty in these words, which are relied upon by Meader:

"* * * provided, however, that Contractor shall not be held liable under this article of this contract to repair any damage to said work resulting from fire or tornado or any act of God or public enemies, nor shall Contractor be so held liable under this article

to repair any damage to said work when in the opinion of the Engineer such damage is the result of excessive violence, loading or strain directed or imposed by personal agencies and not in any respect or to any degree due or chargeable to defects of workmanship or materials, but on these matters last mentioned the opinion and decision of the Engineer shall be final and conclusive."

■ Within a few months after the station was completed, the concrete driveways and slabs began to crack, buckle and warp. The damages amounted to $1,821, for which City prayed recovery. City contends that the contract was a guaranty to protect the construction during the maintenance period, from all damages caused by anything other than the excepted causes. That contention is correct. McElwrath v. City of McGregor, Tex.Civ.App., 58 S.W. 2d 851.

Meader defended on the ground that the damage resulted from personal agencies which were expressly excepted by the terms of the contract. The testimony of City, including that of the City Engineer, was that water beneath and around the Fire Station caused the damage. The area is surrounded by hills, and ground water characteristically moves in the area. The movement of this ground water caused a copper water line and cast iron pipe to break, which poured water beneath the building. These factors were such as would be embraced in the contractor's guaranty to maintain. There were other causes of the accumulation, however. Persons other than Meader, after the completion of the building, altered the drainage plan which had been previously devised to throw water away from the building. After the drainage plan was changed, water was brought directly to the building. Other persons had built flower beds around the building, which resulted in additional water flowing under the building. These two factors were, without dispute, considered within the classification of "personal agencies" as that term is used in the contract.

■ It is the contractor's contention that the damage resulted both from factors for which he was responsible and from factors for which he was not responsible. This is in fact the situation as testified by the City Engineer himself. Ordinarily the duty would be upon a plaintiff to separate the damages caused by things for which the contractor was liable from those caused by excepted things. San Antonio & A. P. Ry. Co. v. Kiersey, 98 Tex. 590, 86 S.W. 744; Texas & P. Ry. Co. v. Dunn, Tex., 17 S.W. 822; Lusk v. Onstott, Tex.Civ.App., 178 S. W.2d 549, 551; Panhandle & S. F. Ry. Co. v. Wiggins, Tex.Civ.App., 161 S.W.2d 501, 507; Houston Chronicle Pub. Co. v. Martin, Tex.Civ.App., 64 S.W.2d 816, 819; Chicago, R. I. & G. Ry. Co. v. Martin, Tex. Civ.App., 37 S.W.2d 207; Currie v. Trammell, Tex.Civ.App., 289 S.W. 736, 741; D. H. Fleming & Son v. Pullen, Tex.Civ. App., 97 S.W. 109; 25 C.J.S. Damages §§ 162a(1), 162b(2).

■ The issue in this case, however, is different, because the parties by the contract constituted the City Engineer the sole and final judge. His decision was against the contractor. In the face of that decision, the contractor then had the burden of proof to oust it. This is an onerous burden and must be by proof of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise an honest judgment. State v. Martin Bros., 138 Tex. 505, 160 S.W.2d 58; Austin Bridge Co. v. Teague, 137 Tex. 119, 152 S.W.2d 1091; City of San Antonio v. McKenzie Construction Company, 136 Tex. 315, 150 S.W. 2d 989. The contractor in his effort to discharge this burden argues that the damages to the Fire Station were caused by things both included and excluded by the exceptions which he claims. The Engineer in making his decision must do so within the terms and meaning of the contract legally construed. He is bound, limited and controlled by the contract. Galveston, H. & S.

A. Ry. Co. v. Henry & Dilley, 65 Tex. 685, 691. The contract excused the contractor only from damages which are "the" result of personal agencies. Hence to oust the decision of the Engineer, it was incumbent upon the one with the burden of proof, the contractor, to prove that the personal agencies solely caused the result, and to prove that the Engineer in failing to so decide was guilty of fraud, misconduct or such gross mistake as would imply bad faith or failure to exercise sound judgment. The proof actually supports the decision of the Engineer, in that while the personal agencies contributed to the result they were not the sole cause of the result as required by the contract.

The judgment is reversed and the cause remanded for entry of judgment for the City of San Antonio in accord with this opinion.