John M. HAMILTON et al., Appellants,

v.

S & H SUPPLY COMPANY, Inc., Appellee.

No. 11446.

Court of Civil Appeals of Texas.

Austin.

Nov. 9, 1966.

Rehearing Denied Dec. 7, 1966.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for appellants.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Sanders & Nolen, Virgil Sanders, Jr., Dallas, for appellee.

PHILLIPS, Justice.

This case involves a suit upon a note.

Thomas H. Rose, Jr., doing business as JTR Plumbing Company, contracted with Louis Krodell to install the plumbing in an apartment building on Bennett Street then being built by Krodell. This contract involved about $20,000. The job was completed in December of 1963, but Krodell failed to pay Rose. Neither Krodell nor Rose are parties to this litigation.

In April of 1964, Krodell contracted to sell the Bennett Street Apartment and several other apartments to Hamilton and Craig, the appellants here. In this contract, a part of the consideration moving between Krodell and Hamilton and Craig was that the latter parties, upon the delivery of deeds to the properties involved by Krodell to them, they, Hamilton and Craig, would pay certain of Krodell's creditors, including Rose.

This contract was never consummated and no deeds to the properties were ever delivered to Hamilton and Craig. Ultimately, a year later, the properties were foreclosed by the first mortgagee.

After they had made their contract with Krodell, and in anticipation of its consummation, Hamilton and Craig paid JTR Plumbing Company $3,800.00 on Krodell's debt to it and in addition gave JTR Plumbing Company the note in suit for $7,500.00, payable in two installments of $3,750.00 each. The first of such installments was due August 1, 1964.

Hamilton and Craig did not pay the first installment of the note upon maturity in August and it was therefore in default.

In September, Rose assigned the note to the appellee S & H Supply Company, Inc., to whom he owed a large amount of money on open account.

S & H Supply Company brought suit against Hamilton and Craig upon the note and the Court, upon the completion of a non-jury trial, rendered judgment in favor of S & H Supply Company, the assignee of the note, for the full amount of principal, interest and attorney's fees.

We reverse the judgment of the trial court and render judgment that appellee, the plaintiff below, take nothing by its suit.

Appellants are before this Court with five points of error, however, inasmuch as we sustain the first four points, there is no necessity to discuss the fifth.

Appellants' first four points of error are as follows: appellee, as assignee of the note after maturity when it was in default, is not a holder in due course, and takes it subject to all defenses available against the original payee; there is no evidence of any consideration for the note sued upon, and the court erred in rendering judgment on it in favor of the appellee who was not a holder in due course; when appellants, as makers of the note, showed that they received nothing of benefit for its execution and that the payee suffered no detriment, and that it was given solely in connection with an obligation of a third party under their contract with him which was never consummated, they have discharged their burden to show want of consideration for the note, and the judgment against them is erroneous; there is no tenable theory, based upon evidence, upon which the trial court's judgment can be sustained.

The appellee itself pleaded that the note sued upon was payable in two equal installments of $3,750.00 each, one installment due on August 1, 1964 and the other on November 1, 1964; that on September 9, 1964, the note was assigned to appellee by the original payee. Appellee further pleads that because of the existing default on August 1, and before maturity of the second installment on November 1, it exercised the right to declare the entire balance due and payable and seeks past due interest at the rate of 10% and attorney's fees.

■ One acquiring a note after maturity is not a holder in due course and takes it subject to all defenses in the hands of the original payee, Article 5935, Sec. 52, Vernon's Ann.Civ.St. The note being past due, S & H Supply Company is not an innocent holder for value.

■ Appellants' contract with Krodell was to pay certain of his creditors upon the delivery of certain deeds. This delivery never came to pass. There was a failure of consideration, consequently, a defense against the notes. Art. 5933, Sec. 28, V.A. C.S.

■ Appellee contends that the judgment supports the findings of fact and conclusions of law filed by the trial court. That certain of these findings support the judgment on the theory of estoppel or waiver. Inasmuch as a full statement of facts was filed with this Court, any findings made by the trial court are not conclusive here. Swanson v. Swanson, 148 Tex. 600, 228 S. W.2d 156, Sup.Ct. We find no evidence that would support either of these theories.

■ The rights of the parties were fixed on the date the note was given. The appellee who accepted the assignment without any consideration after it was past due and in default had no better rights than Rose had on the day of the execution of the note.

■ While there is a conflict in the testimony as to whether or not one of the appellants told appellee over the telephone that he would pay the first installment of the note, for such to constitute a waiver of a known defense, a valuable consideration must be shown. 9 Tex.Jur.2d, p. 91, Sec. 77. There was none here.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.