**S & H SUPPLY COMPANY, Inc.,**
**Petitioner,**

v.

**John M. HAMILTON et al., Respondents.**

**No. B–25.**

Supreme Court of Texas.

July 26, 1967.

Rehearing Denied Oct. 4, 1967.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Sanders & Nolan, Virgil Sanders, Dallas, for petitioner.

Andress, Woodgate, Richards & Condos, William Andress, Jr., Dallas, for respondents.

POPE, Justice.

S & H Supply Company, Inc., sued John Hamilton and W. N. Craig on a promissory note they executed for the principal sum of $7,500.00. Hamilton and Craig's defense was that there was a failure of consideration for their note. The trial court, without the intervention of a jury, found there was no failure of consideration and rendered judgment for plaintiff. The court of civil appeals reversed that judgment and rendered judgment for the defendant. 408 S.W.2d 773. We reverse the judgment of the intermediate court and affirm that of the trial court.

On May 1, 1964, Hamilton and Craig executed a note to J.T.R. Plumbing Co. as payee, payable in two equal installments, one to become due on August 1, 1964, and the other on November 1, 1964. The makers defaulted on the first installment and in September, after the default, J.T.R. Plumbing Co. assigned the note to S & H Supply Company to whom it was indebted. Plaintiff concedes that it is not a holder in due course and that it took the note subject to any defenses available against the original payee. The issue in the case is thus reduced to the single question: Was there a failure of consideration for the note that Hamilton and Craig executed and delivered to J.T.R. Plumbing Co., the original payee?

In the early part of 1963, J.T.R. Plumbing Co. contracted with Lewis C. Krodell to install the plumbing in an apartment Krodell was erecting in Dallas. J.T.R. Plumbing Co. completed its work in December of 1963, at which time Krodell still owed a balance of $11,300.00. Krodell in the meantime had run into financial difficulties and owed a number of other bills including one to the creditor who had furnished the interim financing.

Krodell on April 9, 1964, entered into a contract with Hamilton and Craig which in general provided that Krodell would transfer the apartment to them, and they would assume the debts arising out of the construction of the apartment. The contract

contained an itemized list of debts Hamilton and Craig agreed to assume. J.T.R. Plumbing Co.'s debt was included in the list.

Hamilton and Craig, soon after they made their contract with Krodell, in order to protect their contract, put their own manager in charge of the apartment which was already occupied by tenants. It is apparent from the record that Krodell was unable to pay his bills, and it was imperative that Hamilton and Craig take prompt action to maintain the apartment's operations and satisfy the creditors. Their manager collected the rents, paid the operating expenses, and applied the rental income upon the mortgage payments. Krodell was not thereafter in possession of the property.

The creditor who provided the interim financing had to be paid. Krodell had made arrangements for permanent financing, and the transaction was scheduled for closing on or about May 1, 1964. The mortgagee required proof that all construction bills were paid. The necessity of furnishing the proof, as well as the obligation of the contract with Krodell, compelled Hamilton and Craig to deal directly with the creditors. J.T.R. Plumbing Co.'s debt was due and unpaid. Under these circumstances Hamilton and Craig paid J.T.R. Plumbing Co. $3,-800.00 by check and on the same day executed and delivered the installment note payable to J.T.R. Plumbing Co. These steps were necessary before Hamilton and Craig could deliver to the closing agent for the mortgagee their affidavit that all bills were paid. Upon the execution of the note, they on May 1, 1964, signed an affidavit which stated:

"The undersigned, being first duly sworn, declare that they have recently erected certain improvements on all of Lots 6, 7, 8 and 9, in Block 2/692 of Monarch Place Addition to the City of Dallas, Texas, and that all labor and materials used in the construction of said improvements have been paid for in full and there are no outstanding bills or claims for such labor or materials."

Hamilton and Craig's manager thereafter remained in possession of the apartment and continued to pay the bills and debts to the extent that funds were available. He was still in possession of the apartment at the time this suit was filed on October 21, 1964. The income from the apartment proved insufficient to discharge the debts and also make the payments to the mortgagee. The mortgagee later foreclosed the property.

Hamilton and Craig urged that the consideration for the note they made to J.T.R. Plumbing Co. failed because Krodell never delivered to them a deed to the apartment. Plaintiff did not seek recovery as a third party beneficiary. Plaintiff alleged an action upon a promissory note and tried its case in the trial court upon that theory. The findings of the trial court fully supported plaintiff's theory of action upon the note as an original undertaking.

There was new consideration for the note upon which the plaintiff sued. Hamilton and Craig, by their contract with Krodell, became obligated to pay certain debts of Krodell including the delinquent debt owing to J.T.R. Plumbing Co. Hamilton and Craig were also faced with a May 1, 1964, deadline to supply an affidavit that all the debts arising out of the construction of the apartment had been paid. Such an affidavit was essential to the closing of the transaction for the permanent loan. Hamilton and Craig needed additional time and they also needed to make arrangements with J.T.R. Plumbing Co., which would entitle them to make the required affidavit that all of the construction debts were paid. For the additional time they needed, they were willing to pay six per cent interest. J.T.R. Plumbing Co. was willing to forego its right to an immediate suit for its delinquent claim and did so by accepting some cash and the note from Hamilton and Craig payable in future installments three and six months later.

The evidence supports the trial court's findings that the note sued upon was supported by new consideration which did not fail. Shaw v. McShane, 50 S.W.2d 278 (Tex.Com.App. 1932); Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061 (1895); Schwarz v. Straus-Frank Company, 382 S.W.2d 176 (Tex.Civ.App. 1964, writ ref. n.r.e.); 39 Am.Jur., Novation, § 22; 9 Tex. Jur.2d, Bills and Notes, § 12. In Benson v. Phipps, supra, this court held that a similar arrangement constituted consideration, saying:

"* * * But a promise to do what one is not bound to do, or to forbear what one is not bound to forbear, is a good consideration for a contract. In case of a debt, which bears interest either by convention or by operation of law, when an extension for a definite period is agreed upon by the parties thereto, the contract is that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; he former secures an interest bearing investment for a definite period of time. One gives up his right to sue for a period, in consideration of a promise to pay interest during the whole of the time; the other relinquishes his right to pay during the same period, in consideration of the promise of forbearance. To the question why this is not a contract, we think no satisfactory answer can be given. It seems to us it would be a binding contract, even if the agreement were that the debt should be extended at a reduced rate of interest * * *."

The contention that Krodell may have breached his contract with Hamilton and Craig in failing to deliver the deed to the apartment is immaterial to the cause of action upon which the holder of the note sued. The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

## DISSENTING OPINION

GREENHILL, Justice.

It is my opinion that there was a failure of consideration for the note given by Hamilton and Craig when Krodell refused to deliver a deed to the apartment house. There was a failure of consideration for the original assumption agreement, and the note in question was part of that agreement.

Since the majority does not discuss the merits of the defense of failure of consideration, I will set out the reasons why there was a failure of consideration for Hamilton's and Craig's promise to assume Krodell's debts. When a defendant asserts the defense of failure of consideration to an action on a contract, he is saying that he has not been given the performance for which he bargained and that such performance is a condition precedent to his own duty to perform. Corbin on Contracts, §§ 133, 658 and 1255–1263 (1964 Ed.). In a contract for the sale of land, the promises of the vendor to convey and of the vendee to pay, in the absence of a contrary intent, are regarded as mutual and dependent, each performance being conditioned on tender of performance or performance by the other party. Clifton v. Charles, 53 Tex.Civ.App. 448, 116 S.W. 120 (1909, writ refused); Echols v. Miller, 218 S.W. 48 (Tex. Civ.App.1920, no writ); Reitzer v. Medlake Development Co., 27 S.W.2d 563 (Tex.Civ.App.1930, no writ); Corbin on Contracts, § 663 (1964 Ed.). It may be assumed that Hamilton and Craig were obligated to pay Krodell's debts as they came due; and that if they had not done so, they would have breached their promise to Krodell. That does not mean, however, that Hamilton and Craig were obligated to continue paying the debts regardless of Krodell's actions. Though one party to a contract may be obligated to begin performance immediately, his promise in that sense being independent, he is not obligated to continue performance when the other party has refused to perform. The duty of

the first party to continue his performance is conditioned on the latter party's willingness and ability to perform. Corbin on Contracts, §§ 657, 1259 (1964 Ed.). Williston on Contracts, § 814 (1936 Ed.).

The contract involved in this case is bilateral. Hamilton and Craig promised to assume Krodell's debts in return for Krodell's promise to convey his interest in the apartment house. Hamilton and Craig began performance of their obligation by paying Krodell's debts. Their duty to continue that performance was conditioned upon Krodell's willingness to convey title to the apartment house. The only evidence in this record concerning Krodell's willingness to perform is that he refused to deliver the deed to Hamilton and Craig. When Krodell made such refusal, there was a failure of consideration; and Hamilton and Craig were discharged from their duty to pay Krodell's debts.

The majority opinion suggested that S & H did not rely upon Rose's status as a third party beneficiary of the assumption agreement between Hamilton, Craig and Krodell. One of the main points of error of S & H in this Court states "The Court of Civil Appeals erred in failing to hold that Krodell's purported failure to convey [his title to the apartments] could not constitute a defense to Petitioner's third party beneficiary rights. * * *" In support of such point, S & H devotes several pages of its brief to a discussion of its rights as a third party beneficiary as the assignee of Rose. I therefore regard the matter as being before the Court and as being important to a correct disposition of the case.

Rose, as a third party beneficiary of the contract between Hamilton, Craig and Krodell, would have had no greater rights under the assumption agreement than Krodell against Hamilton and Craig. Austin

Bridge Co. v. Teague, 137 Tex. 119, 152 S.W.2d 1091 (1941); Restatement of Contracts, § 140. Furthermore, Rose, being payee of the note, was not a holder in due course, and, therefore, was subject to all defenses against the note. J. I. Case Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S.W. 800 (1927).

The majority of this Court holds, however, that the note given by Hamilton and Craig, because supported by an independent consideration, was a contract separate and apart from the original assumption agreement; and, therefore, not subject to the defenses available to Hamilton and Craig against an action on the original assumption agreement. I will assume that there was an additional consideration given by Rose which would ordinarily be sufficient to support the note against the defense of want of consideration. But the defense in this case is not *want* of consideration; it is *failure* of consideration, Hamilton and Craig simply did not receive the performance for which they bargained when they contracted the debt and gave the note. The note was a small part of a large transaction. There is no contention by S & H that the note was given by Hamilton and Craig solely as payment for the extension of time. In fact, in its brief S & H states that "[i]t is undisputed that the Hamilton and Craig note delivered to Rose grew out of and was in conformance with the * * assumption agreement." The note in this case was simply evidence of Hamilton's and Craig's original debt to Rose. Rose could not have recovered on the debt. An action on the note should fare no better.

I would affirm the judgment of the Court of Civil Appeals.

SMITH, J., joins in this dissent.