**PLANTATION FOODS, INC., Appellant,**

v.

**R. J. REAGAN COMPANY, INC.,**
**Appellee.**

No. 5365.

Court of Civil Appeals of Texas,
Waco.

Feb. 13, 1975.

Rehearing Denied March 20, 1975.

Charles B. McGregor, Waco, for appellant.

Lyndon Olson, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Plantation Foods from $3780. judgment against it in favor of plaintiff Reagan, in a suit on a roofing contract.

In 1965 plaintiff entered a contract with Jones and Williams Construction Company to put a roof on defendant's turkey processing plant. After work was completed by plaintiff a problem was encountered with a 7000 square foot area on the west end of the building. This area was located above a portion of the building where the turkeys were unloaded, killed, picked and cleaned. After the roof in this area was installed it began to blister and puff up. A dispute arose as to why. The architect, J. W. Bush and defendant contended it was because the roof was put on while there was moisture in the roof deck. Plaintiff said it was caused by moisture from the turkey processing operation below. Plaintiff proposed that it would take off the existing roof and leave the deck exposed until defendant or its architect told him to put the roof back on. If the roof did not blister within one year plaintiff would not be paid. If it was blistered within one year, architect Bush was to determine if the blisters were caused from below, and if so plaintiff was to be paid $3780. Defendant accepted such proposal.

In accordance with the agreement plaintiff removed the roof and left it until he was told by defendant's architect to install the new roof. When told by architect Bush to put the new roof on, it did so.

At the end of one year the roof was blistered. Architect Bush said the blistering was caused by moisture in the roof deck and was not caused by moisture from below.

Plaintiff filed suit for the $3780. alleging that the blistering was caused by moisture coming from below and that architect Bush's action in advising to the contrary was based on partiality, gross mistake, misconduct and fraud.

Trial was to a jury which found.

1) Blisters in the replaced roof were caused from moisture coming from within the building.

2) Architect Bush stated the blisters in the roof were not caused by moisture from within the Plantation Foods building.

3) Such statement was wrong.

4) Such statement was based on partiality.

5) Such statement was based on gross mistake.

6) Such statement was a result of misconduct on the part of Bush.

7) Such statement was based on fraud.

The trial court rendered judgment on the verdict for plaintiff for $3780.

Defendant appeals on 7 points contending.

1) There is no evidence to sustain the jury's findings.

2) There is insufficient evidence to sustain the jury's findings.

3) The trial court erred in excluding defendant's Exhibit 10.

4) The trial court erred in its submission of issues 4, 5, 6 and 7 because such issues were not so phrased as to be a subjective test from the standpoint of Bush.

5) The trial court erred in its submission of issues 4, 5, 6 and 7 because they did not limit the jury's consideration to the proper elements in answering but allowed them to speculate as to other matters not properly in evidence.

6) The trial court erred in refusing defendant's requested issues and instructions.

7) The trial court erred in refusing defendant's motion for mistrial based on asserted improper argument of plaintiff's counsel.

Defendant's contentions 1 and 2 assert there is no evidence and insufficient evidence to sustain the jury's findings.

The record reflects that the blisters on the first roof were caused by moisture, which came from the roof deck or from the turkey processing operation below in the building. Plaintiff and his witnesses said the moisture was from below. Architect Bush said the moisture was trapped in the roof deck when the roof was installed. Reagan proposed to take off the roof, let the roof deck dry until defendant or its architect were satisfied the deck was completely dry and instructed him to replace the roof. The roof was removed, replaced when architect Bush instructed it be replaced, but again blistered from moisture within a year. Architect Bush said the moisture was not coming from below, and defendant refused to pay for the new roof. The parties had agreed that architect Bush was to determine if the moisture came from below, if the replaced roof blistered within a year.

As noted the jury found that the blisters on the replaced roof was caused by moisture coming from within the building; that architect Bush stated the blisters on the roof were not caused by moisture from within the building; that he was wrong; and that his statement was based on partiality, gross mistake, misconduct and fraud.

When parties to a building contract agree to submit questions which may arise thereunder to the decision of an engineer or architect, his decision is final and conclusive; unless he is guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise honest judgment. The burden of proof of fraud, misconduct, and gross mistake is upon the party seeking to set aside the architect's determination and cannot be met by simply proving another architect would have made a different determination. The architect's determination is presumed correct and a court will not overthrow it except in a very clear case. City of San Antonio v. McKenzie Const. Co., S.Ct., 136 Tex. 315, 150 S.W.2d 989, 996; City of San Antonio v. Meader, CCA, NRE, Tex. Civ.App., 326 S.W.2d 557, 559; Hooks v. Cook, CCA, NRE, Tex.Civ.App., 345 S.W. 2d 592, 594.

Plaintiff Reagan, witness Blume of Fry Roofing Company, and witness Blackwell testified the blisters were caused by moisture from within the building. Architect Bush testified that the moisture was not inside the building but was residual moisture trapped in the roof. The turkey processing is directly below the roof in question. Large quantities of steam are used in processing and picking the turkeys. Much steam escapes from the operation and from the building. All parties testified the roof deck was dry when the new roof was installed. Architect Bush designed the building. If the roof blistered from the moisture from below this was a design problem, caused by the performance of architect Bush. Witness Blackwell, foreman for plaintiff testified the old roof was taken off and reroofing started when architect Bush advised to start reroofing, and that the roof deck was completely dry when reroofing commenced. Architect Bush testified first that he did not tell plaintiff to commence putting the new roof on. Later he testified he did not recall "specifically telling Mr. Reagan when to put the roof on". But Mr. Bush further

testified the deal was that he or defendant would tell Mr. Reagan "when the roof deck was sufficiently dry to put the roof on"; that the reroofing started on December 2; that he checked the roofing job several times; that he was at the roofing job on the second day of work; that he saw no evidence of moisture; and if he had seen evidence of moisture he would have stopped the job.

■ The jury were the judges of the credibility of the witnesses and of the right to be accorded their testimony. The evidence is ample and sufficient to sustain the findings. The plaintiff has met its burden under the authorities cited.

■ Defendant's contention 3 is that the trial court erred in excluding its exhibit 10.

Exhibit 10 was a letter written by architect Bush to Jones and Williams Construction Co. on July 15, 1969 after the original roof had been found to be blistered. Mr. Bush expressed the opinion that such was caused from moisture which did not come from within the building, and gave his reasons for so concluding. The letter is in part cummulative of Mr. Bush's testimony given on the trial, contains matters which are hearsay, and in any event, if admissible its exclusion would have been harmless error. Texas Rules of Civil Procedure, rule 434.

Defendant's contentions 4, 5 and 6 complain of the issues submitted to the jury, and of the trial court's refusal to submit defendant's issues and instructions. We think the trial court properly submitted the case. City of San Antonio v. McKenzie Construction Company, supra.

Defendant's contention 7 complains of plaintiff's counsel's argument to the jury.

■ The argument complained of was objected to by defendant's counsel; such objection was sustained; and the court instructed the jury not to consider the statement of counsel for any purpose. From the record as a whole, we think that if the complained of argument was erroneous, the matter was harmless. TRCP 434.

All defendant's points are overruled.

Affirmed.