**WITHERS–BUSBY GROUP, Appellant,**

v.

**SURETY INDUSTRIES, INC., Appellee.**

No. 18932.

Court of Civil Appeals of Texas, Dallas.

May 27, 1976.

James E. Fordham, Jr., Sidney McClain, Dallas, for appellant.

R. L. McSpedden, Collie, McSpedden & Roberts, Dallas, for appellee.

GUITTARD, Justice.

The question on this appeal is the validity of a provision in a joint venture agreement requiring arbitration of disputes arising in the future. We hold that the agreement is not within the terms of the federal statute and that the provision for arbitration is not valid under the Texas statute because it does not bear the signatures of counsel. Accordingly, we affirm the order of the trial court issuing a temporary injunction restraining arbitration.

■ Appellant Withers-Busby Group, defendant in the trial court, concedes that an agreement to arbitrate disputes to arise in the future is unenforceable under the common law. Consequently, appellant relies on statutory law.

■ Enforceability of the agreement under the Federal Arbitration Act, 9 U.S.C. § 2 et seq. (1970) turns on the question of whether it involves "commerce between the states," as provided in that Act. The agreement was signed by appellant Withers-Busby Group and Surety Leasing Company, Inc., both residents of Texas. It is styled "Agreement to Form a Joint Venture." It recites that the parties desire to enter into this agreement before actual execution of a joint venture agreement in order to facilitate certain business transactions then pending between the parties. The pending transactions are not described, and the purpose of the proposed venture is specified only as "leasing and financing transactions." The principal place of business of the venture is specified as Dallas, Texas. The provision for arbitration is as follows:

Any dispute arising out of, in connection with, or in relation to this Agreement, or any breach thereof, shall be determined and settled by arbitration in Dallas, Texas, pursuant to the rules then obtaining of the American Arbitration Association.

There was testimony that the parties contemplated extensive business in the future on a nationwide scale, but no evidence that such business ever materialized. The dispute of which appellant demanded arbitration concerned financing of certain lease contracts between General Computer Systems, Inc., a Texas-based corporation, and various lessees, some of which may have been located in other states. Appellee Surety Leasing Company had purchased the right to receive payments under several of these contracts, and this purchase had been financed by certain banks located in Texas. The dispute concerned whether this transaction was within the terms of the proposed joint venture. Appellant concedes that a fact issue is raised as to whether the contract involved "commerce between the states." Since the trial court issued the temporary injunction restraining arbitration, we must presume in support of the judgment that the court found that the contract did not involve "commerce between the states." In view of this presumed fact finding, we cannot say that the trial court abused its discretion in holding that the contract was not within the terms of the federal act.

■ Enforceability of the agreement under state law turns on the question of whether an agreement to arbitrate is valid without signatures of counsel for both parties evidencing that the agreement was concluded on their advice. The contract bears no signature of counsel. We hold that under the plain provisions of the statute it is not valid. The applicable statute is Tex. Rev.Civ.Stat.Ann. art. 224 (Vernon 1973) as follows:

A written agreement concluded upon the advice of counsel to both parties as evidenced by counsels' signatures thereto to submit any existing controversy to arbitration or a provision in a written contract concluded upon the advice of counsel to both parties as evidenced by counsels' signatures thereto to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exists at law or in equity for the revocation of any contract.

The clear meaning of the statute is that the advice of counsel must be evidenced by

counsel's signatures on the written contract. We do not agree with appellant's contention that signatures of counsel are not necessary because § B of article 225, the next section of the Texas Act, provides for a stay of arbitration proceedings on a showing that there is "no agreement to arbitrate," rather than on a showing that there is no valid agreement to arbitrate under the provisions of article 224. The two articles must be read together, since they are parts of the same statute. Tex.Laws 1965, ch. 689, at 1593. Section A of article 225 expressly authorizes enforcement of "an agreement described in Article 224 of this Act." When the two articles are read together, there is no room for doubt that the legislature intended to limit the enforceability of arbitration agreements to those bearing the signatures of counsel for both parties as evidence that the contract was concluded on their advice.

■ Appellant also insists that appellee cannot dispute the enforceability of the agreement because it was prepared by appellee's counsel, who assured representatives of appellant that it was valid. We do not agree. Appellant has cited no authority, and we have found none, supporting the view that an invalid agreement may be enforced because one of the parties, or his counsel, represented to the other party before the contract was signed that it was valid and enforceable. Whether such a representation would give rise to an action for damages is a question not presented on this appeal.

Affirmed.