**AUSTIN BRIDGE COMPANY et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 5675.**

Court of Civil Appeals of Texas, Waco.

April 14, 1977.

Rehearing Denied May 12, 1977.

Gaynell C. Methvin, Douglas A. Cawley, Hewett, Johnson, Swanson & Barbee, Dallas, for appellants.

Dudley Fowler, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Austin Bridge Company, and other bridge fabricators, from judgment decreeing no liability, in their suits against defendant State of Texas, for alleged losses suffered for being required by defendant to repaint steel bridge members.

Plaintiffs alleged they entered contracts with the State of Texas to construct steel bridges on highway construction jobs; that the paint specified in each contract was "740 paint"; that 740 paint was originated and developed by the Texas Highway Department; that the State sold the paint; that plaintiffs prepared the steel and applied the paint according to contract specifications; that the paint failed and they were required to repaint at great cost; that the State warranted the paint; and that plaintiffs should recover their damage.

Defendant State answered plaintiffs contracted to fabricate and paint bridge members with Texas Highway Department 740 paint, and agreed they would clean and paint the bridge members in accordance with the cleaning and painting specifications, and to the satisfaction of the Engineer; that each plaintiff initially failed to meet the cleaning and painting specifications, and was required to repaint the unsatisfactory portions of its paint job using 740 paint; that the repairs were successfully accomplished using the identical paint, but with better workmanship. Defendant further plead plaintiffs were bound by the provisions of the contracts providing the Engineer have sole and exclusive right to determine whether the specifications for cleaning and painting were met, and further providing the Engineer's decision shall be final; that the Engineer after full consideration and investigation determined all fault lay in work deficiencies of plaintiffs in cleaning and painting, and not in the paint; and that plaintiffs having agreed to be bound by the decision of the Engineer are so bound.

On plaintiffs' motion the trial court granted separate trials on the issues of liability and damages.

Trial was to a jury which found:

1. A. Defendant in specifying 740 paint agreed with plaintiffs that if the steel were cleaned and painted in compliance with defendant's specifications, the paint would not blister or peel.

 B. The steel was not cleaned and painted with 740 paint in compliance with defendant's specifications in the contract.

2. Defendant did not breach its agreements, and plaintiffs suffered no damages in having to pay for repainting.

4. A. Defendant sold the 740 paint to plaintiffs.

 B. Defendant knew the purpose for which the 740 paint sold was to be used.

 C. Plaintiffs relied on defendant's skill and judgment to select or furnish paint suitable for the purpose for which it was to be used.

 D. Defendant knew plaintiffs relied on its skill and judgment to select or furnish paint suitable for that purpose.

 E. The 740 paint was suitable for the purpose for which it was intended.

5. A. Defendant represented to plaintiffs the 740 paint and the procedures for its application had been carefully formulated and were reliable.

 B. These representations were made for the benefit of all persons defendant knew would be relying on the formulation of the 740 paint and the procedures for its application.

 C. Defendant knew plaintiffs would be relying on the formulation of the 740 paint and the procedures for its application.

 D. The representations in 5A were false.

 E. Plaintiffs suffered loss by their reliance on such representations.

F. Said representations were part of the sale of the 740 paint by defendant.

Defendant filed motion for judgment, and plaintiffs filed motion for an order declaring liability.

The trial court granted defendant's motion, denied plaintiffs' motion, and rendered judgment for defendant.

Plaintiffs appeal on 3 points mainly contending:

The trial court erred in not entering a judgment of liability against defendant based on the jury's answers to questions 4A and B, and 5A, B, C, D, and F.

Plaintiffs entered contracts with the State to fabricate and paint steel bridge members to be used on highway construction jobs. The contracts required the plaintiffs to purchase from the State 740 paint, a zinc rich paint the Texas Highway Department had formulated, to paint the steel bridge members with. The contract provided detailed specifications for the cleaning of the steel before painting, and for the application of the paint. The contract further provided in Section 5.2 "The Engineer will act as referee in all questions arising under the terms of the contract between the parties thereto, and his decision will be final and binding".

The paint on some of the steel bridge members peeled and blistered, and plaintiffs were required to repair the faulty work, and repaint using the same paint and specifications. The second paint work was satisfactory. Plaintiffs were paid the contract prices for their work. Plaintiffs presented their claims to the Engineer, the designated referee under the contract, for their expenses in recleaning and repainting, contending the faulty paint work was caused by inferior paint rather than plaintiffs' failure to follow the cleaning and painting specifications. The Engineer denied plaintiffs' claim, and there is no assertion his decision resulted from fraud, arbitrariness or capriciousness.

Thereafter plaintiffs obtained permission and filed this suit against the State.

The jury's answers to questions 1 and 2 found the blistering and peeling of the paint was the result of plaintiffs not cleaning the steel and applying the paint in accordance with the specifications in the contract; and in question 4E found the paint to be suitable for the purpose for which it was intended. No attack is made on these findings.

The jury in answer to question 5 found the paint was not carefully formulated and was not reliable as represented by defendant; that plaintiffs relied on such representations, and suffered loss by reliance on such representations.

Plaintiffs contend that since the State sold them the paint and the jury found that the State misrepresented its formulation and reliability to their damage, that under the Uniform Commercial Code they are entitled to a judgment of liability. This is an action under a contract, and Section 1.102(c) of the Uniform Commercial Code provides the effect of the provisions of such code may be varied by contract. The sale of the paint by the State to plaintiffs was an integral part of the written contract of the parties. The entire contract was governed by the arbitration procedure in Section 5.2 which provides the Engineer was referee in *all* questions arising under the contract, and the parties agreed that his decision will be ' final and binding. The Engineer heard and investigated this dispute, and found that the paint failure was due to poor workmanship and not due to the quality of the paint. Plaintiffs do not assert fraud, partiality or capriciousness on the part of the Engineer.

 When parties to a binding contract agree to submit questions which may arise thereunder to the decision of an engineer or architect, his decision is final and conclusive, unless he is guilty of fraud, misconduct, or such gross mistake as would imply bad faith or failure to exercise honest judgment. *City of San Antonio v. McKenzie Constr. Co.*, 136 Tex. 315, 150 S.W.2d 989; *State v. Martin Bros.*, 138 Tex. 505, 160 S.W.2d 58; *Plantation Foods, Inc., v. Reagan Co., Inc.*, CCA (Waco) NRE, 520 S.W.2d 432.

Plaintiffs seek to avoid the effect of the arbitration provision of the contract, contending under the *City of Dallas v. Shortall,* 131 Tex. 368, 114 S.W.2d 536 defendant's misrepresentation of the formulation and reliability of the 740 paint, takes the case out from under the contract and its arbitration provisions. We reject such contention. Shortall requires the representation to be a deception which in contemplation of law is fraudulent, amounts to bad faith, and knowingly or recklessly made. And *Powell v. State,* CCA (Austin) Er.Ref., 118 S.W.2d 960, citing *Shortall,* holds the representations must be made with bad faith in order to entitle plaintiffs to recover damages for extra expenses, and in the absence of a showing the representations were made with bad faith, plaintiffs cannot as a matter of law show themselves entitled to any compensation other than as provided by the contract, which plaintiffs here have received.

All plaintiffs' points and contentions are overruled.

AFFIRMED.