Henry E. GERDES, Jr., Appellant,

v.

Howard V. TYGRETT, Jr., Appellee.

No. 8650.

Court of Civil Appeals of Texas, Texarkana.

June 19, 1979.

Henry E. Gerdes, pro se.

R. Gregory Lamb, Dallas, for appellee.

CORNELIUS, Chief Justice.

Howard V. Tygrett, Jr., an attorney, filed this suit against Henry E. Gerdes, Jr. for the recovery of attorney's fees. The suit was filed as an action on sworn account for personal services, as authorized by Tex.R. Civ.P. 185. Attached to the verified petition was an itemized account of the services and the charges therefor, which after offsets and payments, totaled $750.35. Gerdes did not file a sworn denial of the account as provided by Rule 185, but filed only a general denial. Almost a year later Tygrett filed a motion for summary judgment. The motion asserted that summary judgment was authorized because Gerdes had failed to properly deny the sworn account, and further because, after this suit was filed, the parties had submitted their dispute to arbitration by the Fee Disputes Committee of the Dallas County Bar Association which had awarded Tygrett the full amount of the fees he claimed. Tygrett attached to his motion an affidavit supporting his claim, as well as copies of the arbitration agreement and the award. Gerdes did not file opposing affidavits but did file a "First Amended Answer" which contained general and specific denials together with a verification which asserted that the statements in the answer were true, and also that ". . . the allegations of Plaintiff's Original Petition and attached account are false." The trial court granted Tygrett's motion for

**352**

summary judgment based upon both the sworn account and the arbitration award. On appeal Gerdes contends only that the arbitration award is not binding upon him because the agreement to submit the dispute to arbitration was not signed by the attorneys for both parties as is required by Tex.Rev.Civ.Stat.Ann. art. 224.

The validity of the judgment need not rest upon the arbitration award. Tygrett's petition stated a cause of action on sworn account and complied fully with Rule 185. Gerdes did not deny the amount under oath and in the particular manner required by the rule, but filed only a general denial. In those circumstances he is not permitted to deny the plaintiff's claim or any item included therein, and no genuine issue of fact remains as to the plaintiff's right to recover. *Aztec Pipe & Supply Co. v. Sundance Oil Co.*, 568 S.W.2d 401 (Tex.Civ.App. Houston-1st Dist. 1978), *writ ref'd n. r. e. per curiam*, 576 S.W.2d 780 (Tex.1978); *Leyendecker v. Santa Rosa Medical Center*, 533 S.W.2d 868 (Tex.Civ.App. Tyler 1976, no writ); *Collins v. Ivey*, 531 S.W.2d 357 (Tex. Civ.App. El Paso 1975, writ ref'd n. r. e.); *Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ.App. Houston-14th Dist. 1973, writ ref'd).

The judgment, however, may also be supported on the basis of the arbitration award. Where the formal requirements of a binding statutory arbitration are not met, the settlement of the disputed claim by common law arbitration may still be effected where an appropriate agreement to submit the issue to arbitration is shown. *L. H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348 (Tex.1977); *Aguilar v. Abraham*, Docket No. 6775 (Tex.Civ.App. El Paso, April 4, 1979) (not yet reported); *Carpenter v. North River Insurance Company*, 436 S.W.2d 549 (Tex.Civ.App. Houston-14th Dist. 1968, writ ref'd n. r. e.). In this case Tygrett's motion for summary judgment and the attached arbitration agreement and award were sufficient, absent any opposing summary judgment evidence, to authorize the entry of summary judgment as prayed for. 4 McDonald's, Texas Civil Practice,

§ 17.26.8, pp. 156, 157. Gerdes' amended petition, even though verified, did not constitute summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971).

The judgment is affirmed.