STAR HILL COMPANY, Appellant,

v.

JOHNSON CONTROLS, INC., et al., Appellee.

No. 09 82 103 CV.

Court of Appeals of Texas, Beaumont.

May 10, 1984.

Robert E. Barron, Nederland, for appellant.

Kerwin B. Stone, Joe B. Farris, Gerald Riedmueller, Beaumont, for appellee.

## OPINION

McNICHOLAS, Justice.

This is an appeal from an order of the court below denying appellant Star Hill Company's [1] "Motion for Order Staying Action Pending Arbitration".

Holiday Inns, Inc., one of the appellees, hired Star Hill Company as its general contractor for construction of a hotel. Star Hill Company subsequently entered into contracts with Tipico, Inc. and Johnson Controls, Inc. On February 17, 1981, appellee Johnson Controls, Inc. filed suit against the appellant, the appellee Holiday

---

1. There is some confusion as to appellant's proper name, since George Hensley d/b/a Star Hill Co.; Star Hill Co., Inc.; and Star Hill Company are all shown in the record.

Inns, Inc. and the appellee Tipico, Inc. On June 4, 1981, the appellant filed its cross-claim against appellee Holiday Inns, Inc. and on August 5, 1981, appellee Tipico, Inc. filed an action against the appellant and appellee Holiday Inns, Inc. which suit was later consolidated with the instant suit.

On February 23, 1982, Holiday Inns, Inc. filed its cross-action against the appellant and on March 9, 1982 appellant filed its counter-claim against Holiday Inns, Inc. Then on March 10, 1982, the trial court granted a continuance from the original March 15, 1982 trial setting at the request of Holiday Inns, Inc. The case was specially set for trial on June 1, 1982. At that time, the appellant had not taken any action or expressed any desire for arbitration. On May 27, 1982, the trial court granted a continuance from the June 1, 1982 special trial setting at the request of the appellant. Again, appellant made no request for arbitration. On August 27, 1982, the trial court again specially set the case for trial on September 13, 1982. Finally, on September 8, 1982, the appellant filed its motion requesting a stay of action pending arbitration. From our record, September 3, 1982, was the first arbitration demand filed by Star Hill Company, although in its request appellant stated that it had previously filed a demand to arbitrate against Holiday Inns, Inc., which Holiday Inns, Inc. denied. Johnson Controls, Inc. stated no demand was ever made upon it for arbitration.

No evidence was introduced at the hearing on appellant's motion, no statement of facts is before this court, and no findings of fact and conclusions of law were requested and none filed. The trial court found that Star Hill Company intentionally and impliedly waived its right to demand arbitration as a matter of law.

Initially we note that appellee Johnson Controls, Inc. points out that it was not a party to any agreement involving arbitration, and thus cannot be forced into arbitration or even have its action against the appellant stayed while the appellant's other claims are arbitrated. We agree and over-rule all points of error as to the appellee Johnson Controls, Inc., irrespective of our ruling on the points of error discussed below.

Appellant's two points of error are (1) that it properly filed its Motion for Order Staying Action Pending Arbitration which motion should have been granted and (2) that the trial court erred as a matter of law in denying said motion on the grounds that appellant intentionally and impliedly waived its right to demand arbitration.

The right to have a dispute submitted to arbitration, like any other contractural right, may be waived either expressly or implicitly; however, such waiver must be intentional. If a waiver is to be implied, the intention must be ascertained from the facts of the case. *Spain v. Houston Oilers, Inc.,* 593 S.W.2d 746 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ).

There is no set rule as to what constitutes waiver of an arbitration agreement. The question depends on the facts of each case and the determination must usually be made by the trier of the facts. *Burton-Dixie Corp. v. Timothy McCarthy Const. Co.,* 436 F.2d 405 (5th Cir.1971). And, in considering the question of waiver, "actions constituting waiver may include, inter alia, the applicants engaging in some combination of filing an answer, setting up a counter-claim, pursuing discovery, and moving for continuance prior to moving for a stay pending arbitration." *Trade Arbed, Inc. v. S/S Ellispontos,* 482 F.Supp. 991 (S.D.Tex.1980).

Here the appellant engaged in each of the aforementioned actions which constituted waiver, and since there is no statement of facts or findings of facts in the record, it must be presumed, as a matter of law, that the trial court found facts which will and do support the judgment. *Guthrie v. National Homes Corporation,* 394 S.W.2d 494 (Tex.1965); *Duval Cty. Ranch Co. v. Harlingen National Bank,* 577 S.W.2d 563 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Armenta v. Nussbaum,* 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi

284

1975, writ ref'd n.r.e.). Nor is it incumbent upon the appellees to establish that the judgment rendered by the trial court is supported by the evidence, the burden being upon the appellant to bring forth a record which reveals a reversible error. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Duval Cty. Ranch Co. v. Harlingen National Bank, supra; Estate of Brown v. Masco Corp.*, 576 S.W.2d 105 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) (Keith, J. concurring).

■ Reversible error has not been established and we have no record to review. Thus, there is a presumption that the trial court found sufficient facts to support its judgment. The length of time from the filing of the law suit until the demand for arbitration plus the appellant's own actions clearly authorize the trial court to find appellant intentionally and impliedly waived its right to demand arbitration as a matter of law. *Spain v. Houston Oilers, Inc., supra;* 7 *TEX.JUR. 3d Arbitration and Award* section 18 (1980).

Appellant's points of error are overruled.

The judgment of the trial court is, in all things,

AFFIRMED.

