Raso-Greaves v. First Bap Ch of Hewitt 







AFFIRMED
NOVEMBER 15, 1990
 
NO. 10-90-070-CV
Trial Court
# 89-3983-3
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          RASO-GREAVES,
                                                                                            Appellant
          v.

          FIRST BAPTIST CHURCH OF HEWITT,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 74th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

          On September 25, 1985, appellee First Baptist Church of Hewitt executed a contract with
appellant Raso-Greaves under which appellant would serve as the architect for a project that
included the construction of a new sanctuary at the church and the modification and renovation of
existing buildings. Appellee's contract with the construction company for this work, Schroeder
Building Systems, Inc., was executed on July 22, 1987. Article 9 of the contract between
appellant and appellee was an arbitration clause that contained these pertinent parts:
 9.1. All claims, disputes and other matters in question between the parties to this
Agreement, arising out of or relating to this Agreement or the breach thereof, shall
be decided by arbitration in accordance with the Construction Industry Arbitration
Rules of the American Arbitration Association then obtaining unless the parties
mutually agree otherwise. . . . This Agreement to arbitrate and any agreement to
arbitrate with an additional person or persons duly consented to by the parties to
this Agreement shall be specifically enforceable under the prevailing arbitration
law.
 9.2. Notice of the demand for arbitration shall be filed in writing with the other
party to this Agreement and with the American Arbitration Association. The
demand shall be made within a reasonable time after the claim, dispute or other
matter in question has arisen. In no event shall the demand for arbitration be made
after the date when institution of legal or equitable proceedings based on such
claim, dispute or other matter in question would be barred by the applicable statute
of limitations.
 9.3. The award rendered by the arbitrators shall be final, and judgment may be
entered upon it in accordance with applicable law in any court having jurisdiction
thereof.
The contract between appellee and Schroeder Construction contained similar provisions for
arbitration. However, neither contract contained a notice on the front page that the contract was
subject to arbitration. This notice was required by statute at that time.


 
          After the new sanctuary was constructed by Schroeder, it was occupied by appellee in the
last part of July, 1988. In September, 1988, water began coming into the church building in the
center aisle of the main auditorium at the bottom of the pulpit area. Appellant and Schroeder
learned of this water problem from appellee when it first began. The problem was discussed by
the parties orally until late in February, 1989, when they began corresponding about it. In
November, 1989, with the problems surrounding the water leakage still completely unresolved,
appellee filed suit against appellant and Schroeder for damages on grounds of breach of contract,
negligence, fraud and violations of the Texas Deceptive Trade Practices--Consumer Protection Act
(DTPA), V.T.C.A., Bus.& C. §17.41 et seq, pleading nine distinct causes of the water damage
in the church. Merchants Bonding Company, the surety on Schroeder's performance bond, was
also impleaded as a defendant by appellee.
          On December 15, 1989, appellant filed its original answer to appellee's suit, its cross-claim
against Schroeder and Merchants Bonding Company, and its application to stay all trial
proceedings pending arbitration of the dispute between appellant and appellee in accordance with
the arbitration clause set forth above. On April 4, 1990, appellee filed its response to appellant's
motion to stay the proceedings and its own motion to stay arbitration, alleging (1) that the
arbitration clause contained in the contract was ineffectual because the contract did not contain the
required statutory notice on its first page, (2) that appellant had waived its right to enforce the
arbitration agreement, and (3) that appellee's claim for damages based on the Deceptive Trade
Practices Act was not subject to arbitration. After a hearing on April 6, 1990, the trial court
denied appellant's motion to stay the trial proceedings pending arbitration and granted appellee's
motion to stay the arbitration proceedings. This appeal resulted under the provisions of Rule 42,
Texas Rules of Appellate Procedure, and Articles 225 and 238-2, Vernon's Texas Civil Statutes. 
The trial court was not required to file findings of fact and conclusions of law, and none was filed. 
See Rule 42(a)(1), Texas Rules of Appellate Procedure.
          The contract between appellant and appellee is not in strict technical compliance with the
Texas General Arbitration Act because it does not contain the notice provision required by former
Article 224-1. However, where there is an agreement to arbitrate, common law arbitration is
available as an alternative to the statutory method of arbitration in Texas. L.H. Lacy v. City of
Lubbock, 559 S.W.2d 348 (Tex.1977); Wetzel v. Sullivan, King & Sabom, P.C., 745 S.W.2d 78,
81 (Tex.App.--Houston [1st Dist.] 1988, no writ). Texas cases have allowed common law
arbitration under an agreement to arbitrate despite technical non-compliance with the requirements
of the General Arbitration Act. See Gerdes v. Tygrett, 584 S.W.2d 350 (Tex.Civ.App.--Texarkana 1979, no writ), where common law arbitration was allowed despite the fact that the
arbitration agreement was not signed by the attorneys for both parties as formerly required by
Article 224. Two recent Court of Appeals opinions have held that arbitration provisions which
failed under the General Arbitration Act because of the failure to comply with the notice
requirements of Article 224-1 were nevertheless specifically enforceable under Texas common
law, the identical issue presented in this appeal. Olshan Demolishing Company v. Angleton
Independent School District, 684 S.W.2d 179 (Tex.App.--Houston [14th Dist.] 1984, writ ref'd
n.r.e.); Wylie Independent School District v. TMC Foundations, 770 S.W.2d 19 (Tex.App.--Dallas 1989, no writ). Although these decisions are criticized by appellee and condemned as
"wrong," we believe the reasoning of the cases is sound and follows the preferable modern policy
of encouraging agreements to arbitrate. See L.H. Lacy, 559 S.W.2d at 352. Although appellant
cannot pursue the arbitration agreement under the General Arbitration Act, it is entitled under the
agreement to common law arbitration of the parties' disputes. 
          We must also agree with appellant that requiring arbitration of appellee's actions based
upon the DTPA would not constitute an "unenforceable and void" waiver of the DTPA claims
under the provisions of Section 17.42 of the DTPA, as asserted by appellee. The stated legislative
purpose of the DTPA as set forth in Section 17.44 is to provide consumers with "efficient and
economical procedures" to secure protection against DTPA violations. Clearly, arbitration is not
inconsistent with this purpose. See Tschoepe, Aspects of Defending a Texas Deceptive Trade
Practices--Consumer Protection Act Claim, 20 St. Mary's Law Journal 527, 545 (1989). 
Moreover, the parties' arbitration clause which calls for arbitration of all claims and disputes
arising out of "or relating to" the contract is broad enough to include the DTPA claim. In
Decision Control Systems v. Personnel Cost Control, 787 S.W.2d 98 (Tex.App.--Dallas 1990),
relied on by appellee, the ruling was that an arbitration clause providing that "[A]ll questions as
to rights and obligations arising under the terms of this agreement" covered only claims arising
under the terms of the contract, not causes of action under the DTPA. The case is not controlling
here because the arbitration clause there did not include claims "relating to" the contract.
          Nevertheless, the trial court was justified in retaining jurisdiction of the entire case for
trial, including the otherwise arbitrable claims, under the doctrine of "intertwining." Schroeder
and Merchants Bonding (the surety on Schroeder's performance bond) answered appellee's claims
against them with a general denial, but they did not allege that the claims that included DTPA
claims were arbitrable, and Schroeder and Merchants Bonding are not parties to this appeal. The
doctrine of intertwining is an exception to the pro-arbitration positions of the statutes and the
common law on public policy grounds. See L.H. Lacy, 559 S.W.2d at 352; Wylie Independent
School District, 770 S.W.2d at 21: Olshan, 684 S.W.2d at 184. Its application is proper when
it is impractical if not impossible to separate non-arbitrable claims from arbitrable claims, retain
the former for trial, and refer the latter for arbitration. See Commerce Park at DFW Freeport v.
Maridian Const. Co., 729 F.2d 334, 339 (5th Cir.1984); Miley v. Oppenheimer & Co., 637 F.2d
318, 335 (5th Cir.1981). Appellee sued appellant, Schroeder and Merchants Bonding, citing
fifteen defects in the construction of the church facilities by Schroeder, including eight dealing
directly with "the draining of water into the middle of Plaintiff's auditorium" and other water
damage; alleging breach of contract by appellant in failing "to provide design services as well as
supervision of construction of the facilities"; alleging breach of contract by Schroeder in its
construction of the facilities; pleading actions in negligence, fraud and DTPA violations against
appellant and Schroeder; and averring that Merchants Bonding Company has failed after notice
to perform its obligations under the performance bond. Schroeder and Merchants Bonding
Company answered with general denials. Appellant also answered with a general denial and then
filed a cross-claim against Schroeder and Merchants Bonding Company. The essence of the cross-claim was set forth in the allegations that appellant was not guilty of any acts or omissions that
contributed to or independently caused the damages claimed by appellee; that any damages
suffered by appellee were caused by the acts and omissions of Schroeder; and that if appellant
should be found liable for appellee's damages, then appellant was entitled to contribution or
indemnity from Merchants Bonding Company. In light of these pleadings, we cannot say that the
trial court abused its discretion in failing to separate appellee's claims against appellant for
arbitration. The pleadings show that a recovery by appellee against appellant will require
substantial if not complete proof of appellee's claims against Schroeder along with appellant's
responsibilities and failures in designing and supervising construction of the church facilities.
          The judgment may also be affirmed on the basis of an implied finding carried in the
judgment that appellant waived arbitration, if there is evidence in the record that supports the
finding of waiver. We hold there is such evidence. 
          The right to have a dispute submitted to arbitration may be waived either expressly or
implicitly, but such waiver must be intentional. Star Hill Company v. Johnson Controls, Inc., 673
S.W.2d 282, 283 (Tex.App.--Beaumont 1984, no writ). If a waiver is to be implied, the intention
must be determined from the facts of the case. Id. Any conduct of a party inconsistent with a
notion that he treated the arbitration provision in effect, or any conduct that might be reasonably
construed as showing that he did not intend to avail himself of the arbitration provision, may
amount to a waiver. Burton-Dixie Corporation v. Timothy McCarthy Constr. Co., 436 F.2d 405,
408 (5th Cir. 1971). Generally, a party is not in default in proceeding with arbitration and has
not waived his right to arbitration if he promptly claims that right in his answer and applies for
a stay of the proceedings in court, although he may be "in default" if he delays too long or invokes
the power of the court affirmatively in a suit or counterclaim of his own, or if he uses discovery
procedures that would not be available in arbitration. Mamlin v. Susan Thomas, Inc., 490 S.W.2d
634, 638 (Tex.Civ.App.--Dallas 1973, no writ). Mere delay in making an arbitration demand
does not constitute waiver; it is only when this delay results in actual prejudice that it may amount
to a waiver. USX Corp. v. West, 759 S.W.2d 764, 767 (Tex.App.--Houston [1st Dist.] 1988,
no writ). 
          In July 1988, appellee began using the church facilities constructed by Schroeder. By
September, problems had developed with water coming into the sanctuary and standing on the
floor. This problem had not been resolved by April 1990, at the time of hearing on appellant's
motion to require arbitration, although appellee had paid at least 1.4 million dollars to appellant
and Schroeder for the work at the church. After the problem with water leakage had become
known in September 1988, appellee engaged in many unsuccessful oral discussions with appellant
and Schroeder, attempting to have the water problem resolved. After those discussions proved
unsuccessful, appellee began corresponding with Schroeder and appellant in February 1989, first
through appellee's pastor, and later through appellee's attorney, again seeking resolution of the
construction defects that were producing the water onto the floor of appellee's sanctuary and
causing water damage to other facilities. Additionally, there were other construction defects. This
written correspondence continued without success, resulting in the filing of suit by appellee in
November 1989. Appellant's answer, cross-claim and application to stay trial proceedings
pending arbitration were filed in December 1989; and the answers of Schroeder and Merchants
Bonding Company were also filed in December 1989. There is no evidence in the record that
appellant at any time asserted that the construction defects and their resulting damage did not in
fact exist. Nevertheless, it is undisputed in the record that appellant did not at anytime throughout
the oral or written discussions between the parties request arbitration of the parties' responsibilities
for the existing defects and damages. It is also undisputed in the record that appellant has never
filed a written notice of a demand for arbitration with appellee or with the American Arbitration
Association. Section 9.2 of the arbitration agreement in the contract provides that such notice of
the demand for arbitration "shall be filed" and that the demand "shall be made within a reasonable
time after the claim, dispute or other matter in question has arisen." We hold that the evidence
supports the trial court's findings that appellant's conduct was inconsistent with the notion that it
treated the arbitration provision in effect and that appellant's conduct showed that appellant did
not intend to avail itself of the arbitration provision. Furthermore, appellant invoked the power
of the court affirmatively in this case when it filed its cross-claim against Schroeder and Merchants
Bonding Company. In light of all of these facts we hold that the evidence supported the trial
court's finding of waiver of arbitration by appellant.
          The judgment is affirmed.
 
                                                                                                                              
                                                                                 VIC HALL
DO NOT PUBLISH                                                     Justice