**CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,**
Appellant,

v.

**Wayne M. GLOVER and Dana L. Glover, Appellees.**

**No. 01–92–00459–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 1993.

John Eckel, George W. Vie III, Mills, Shirley, Eckel & Bassett, Galveston, for appellant.

Michael B. Hughes, James R. Ansell, John A. Schmidt, Phillip W. Snyder, McLeod, Alexander, Powel & Apffel, P.C., Galveston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

PER CURIAM.

This is an appeal from an interlocutory order denying the appellant's, Central National Insurance Company of Omaha (CNIC), motion to compel arbitration in the suit brought against it by the appellees, Wayne and Dana Glover (the Glovers). We dismiss the appeal for want of jurisdiction.

The general rule in Texas is that only final judgments are appealable and interlocutory matters are not. *See, e.g., Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982). A judgment is final if it disposes of all parties and all issues pending before the court. *Schlipf,* 644 S.W.2d at 454. Jurisdiction of an appellate court is vested only in cases where a final judgment has been rendered, or where a statute specifically authorizes an interlocutory appeal. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); *see, e.g.,* TEX. CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1993).

The Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224 *et seq.* (Vernon 1973), authorizes interlocutory appeals from most orders concerning arbitration, including those which deny a motion to compel arbitration. *USX Corp. v. West,* 759 S.W.2d 764, 765 (Tex.App.—Houston [1st Dist.] 1988, no writ). However, when the Texas Arbitration Act is not applicable, the interlocutory appeal which the Act authorizes is not available. *See Warranty Underwriters Ins. Co. v. Lara,* 805 S.W.2d 894, 897 (Tex.App.—Corpus Christi 1991, no writ); *NCR Corp. v. Mr. Penguin Tuxedo Rental,* 663 S.W.2d 107, 108. In such a case, an appeal becomes available only af-

ter a final judgment has been rendered. *See, e.g., Olshan Demolishing v. Angleton Ind. Sch. Dist.,* 684 S.W.2d 179 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

 Texas does recognize a common-law right to arbitration as an alternative to that right granted by statute. *L.H. Lacy v. City of Lubbock,* 559 S.W.2d 348, 351 (Tex.1977); *Massey v. Galvan,* 822 S.W.2d 309, 315 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Thus, when an agreement to arbitrate is not governed by the Texas General Arbitration Act, a court judges the validity and binding effect of the arbitration under relevant common-law rules. *L.H. Lacy,* 559 S.W.2d at 352. Nonetheless, in a case involving the common-law right to arbitration, an appeal may be prosecuted only from a final judgment and not from an interlocutory order. *See, e.g., Olshan,* 684 S.W.2d at 181; *Warranty,* 805 S.W.2d at 897; *NCR,* 663 S.W.2d at 108.

 In the present case, CNIC appeals an interlocutory order of the trial court. Furthermore, CNIC concedes its arbitration agreement does not comply with the requirements of the Texas General Arbitration Act. Thus, because no state statute exists to specifically authorize an interlocutory appeal on the trial court's order in this case, state law does not provide this Court with jurisdiction to hear CNIC's appeal.

CNIC contends an interlocutory appeal is available under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. The Texas Supreme Court has held, however, that no interlocutory appeal is available from the denial of a motion to compel arbitration under the FAA. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (1992).

Accordingly, this appeal is dismissed. TEX.R.APP.P. 60(a)(1).