# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO.  09-13-00123-CV
_____

## IN RE THE WOODLANDS LAND DEVELOPMENT COMPANY, L.P.

_____

### Original Proceeding
_____

## MEMORANDUM OPINION

In this mandamus proceeding, we consider whether the trial court abused its discretion by allowing the joinder of a property owner's suit against a planned community developer to a suit by owners of other properties. Relator, the Woodlands Land Development Company, L.P. (WLDC), argues the trial court abused its discretion by denying a motion to strike the interventions of those owners having no legal interest in the property of Richard F. Bunch III and Michelle Bunch, the plaintiffs who filed the suit at issue.

WLDC developed The Woodlands, a planned community. WLDC sold several unimproved lots in the Carlton Woods subdivision to Leigh Custom

1

Homes, Inc. As listing agent for Leigh, IMI Resort Sales, Inc. d/b/a Carlton Woods Properties sold one of these lots to the Bunches; Leigh then built a home for the Bunches on the lot. Subsequently, the Bunches sued WLDC, Leigh, and IMI for damages that they alleged were related to the sale. In their suit, the Bunches alleged their home was affected by one or more geologic fault lines, and that before they purchased the lots, WLDC, Leigh, and IMI knew of the faults, but failed to disclose them.

Approximately eleven months after the Bunches filed suit, the owners of homes in Cochran's Crossing and Sterling Ridge, other subdivisions in The Woodlands, intervened into the Bunches' suit. WLDC responded to the intervention, asking the trial court to strike it. Subsequently, the trial court denied WLDC's request.

Under the Texas Rules of Civil Procedure, a person may intervene in another's suit, subject to the trial court's right to later strike the party from the pending suit. *See* Tex. R. Civ. P. 60. The standard trial courts are to apply in deciding whether to strike interventions was established by the Texas Supreme Court in *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). In that case, the Court established this standard: "If any party to the pending suit moves to strike the intervention, the intervenors have the burden to show a justiciable

interest in the pending suit." *Id.* at 155. Having a justiciable interest requires the intervenor's interest to "'be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought' in the original suit." *Id.* at 155 (quoting *King v. Olds*, 12 S.W. 65, 65 (Tex. 1888)).

WLDC contends that having a justiciable interest in the pending suit requires that Intervenors have an interest in the property purchased by the Bunches. *See Union Carbide*, 273 S.W.3d at 155. Intervenors, Luis and Melea Nieto, Dennis Colvin and Betty Ward, Walter and Natalie Klepacz, Allen and Jan Wilkins, David and Patricia Gates, and Clay and Michele McGovern contend they have a justiciable interest in the Bunches' suit because all of the homes are located in The Woodlands, they assert the same types of claims against WLDC, their claims are based on the same or similar factual allegations as the claims that are made by the Bunches, and they seek the same types of relief. Intervenors distinguish *Union Carbide* from the circumstances in their case, arguing that the *Union Carbide* intervenors failed to allege in their pleadings that they could have brought part of the original plaintiff's claims. Intervenors also argue that *Union Carbide* is

3

distinguishable because their claims will be affected or resolved depending on the outcome of the Bunches' case. *See Union Carbide*, 273 S.W.3d at 155.

However, we disagree that the Court in *Union Carbide* decided the case based on a deficiency in the intervenors' pleadings. *Id.* The *Union Carbide* intervenors, the Halls, alleged that their claims arose out of the same transaction or series of transactions as the original plaintiff, Moffett. *Id.* Also, the Court's rationale for disallowing the intervention in *Union Carbide* appears to have been one of substance, as the Court's holding was based on the Halls' failure to demonstrate a justiciable interest in Moffett's case. *Id.* at 155 ("Accordingly, the Halls fail to demonstrate a justiciable interest in the Moffett's suit and are not entitled to intervene in the Moffett suit."). We further note the Supreme Court's holding that the Halls "did not show that they had standing to have brought and recovered for any part of Moffett's claim." *Id.* at 156. Consequently, the Court determined the Halls were without standing in Moffett's case. *Id.* In summary, *Union Carbide* requires that Intervenors demonstrate they possess a right to recover a part of the relief sought by the Bunches before they are allowed to pursue their claims as intervenors. *See id.* at 155.

Here, Intervenors argue they need not show that they could recover damages that relate to the Bunches' home. Instead, they share what they characterize as the

4

same cause of action, relying on *Houston Lighting & Power Co. v. City of San Antonio*. *See* 896 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). In that case, all of the parties were parties to the same contract, a nuclear power plant participation agreement. *Id.* at 368. The City of Austin, who initially filed the suit, and the City of San Antonio, who intervened, sought a declaratory judgment to determine the participants' rights and responsibilities under the participation agreement. *Id.* at 369, 372-73. We conclude that *Houston Lighting & Power* does not support Intervenors' argument, as that case concerned common rights arising from the same contract. *See id.*

Intervenors also argue that discovery and evidentiary rulings in the Bunches' case may be considered later by another court in their own cases. Also, intervenors argue they must be present at depositions of fact, expert, and corporate representative witnesses that concern the development of The Woodlands, as these depositions involve the same geological faults. But, a ruling on a discovery matter is not controlling with respect to a trial court's resolution of discovery matters in other cases that involve other parties. Also, none of the Rules of Civil Procedure prevent the parties from taking a deposition in a pending suit where the same witness was deposed in another case, even though both involved similar matters. Moreover, the Supreme Court defined "justiciable interest" in terms that require an

5

identity between the intervenor's recovery and that of the original plaintiff, an interest unrelated to any discovery rulings that might be made in a given case. *See Union Carbide*, 273 S.W.3d at 155 (defining justiciable interest). Moreover, a joint interest with another in the products of discovery does not give one a right to share in the other's legal recovery.

The Bunches sued for damages arising out of their real estate transaction with the defendants. Intervenors' claims arise from different real estate transactions involving different properties. Because intervenors failed to demonstrate that they possessed a justiciable interest in the Bunches' claim, the trial court was required to strike their intervention. Tex. R. Civ. P. 60. By denying WLDC's motion to strike, the trial court abused its discretion. *See id.*

We further conclude that WLDC lacks an adequate remedy by appeal. Courts grant mandamus relief only when the party seeking the issuance of the writ lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id*. at 136.

In this case, the trial court's ruling allowed Intervenors to avoid Montgomery County's case assignment system. *See* Montgomery (Tex.) Dist. Ct. Loc. R. 1.3. Additionally, Intervenors have not shown that granting WLDC's request prevents them from suing for recoveries on their respective properties. Preventing a party from avoiding a county's random assignment system warrants mandamus relief. *See Union Carbide*, 273 S.W.3d at 157 ("On balance, mandamus review is warranted because the benefits of establishing the priority that trial courts must give to ruling on motions to strike interventions and re-emphasizing the importance of both appearance and practice in maintaining integrity of random assignment rules outweigh any detriment to mandamus review in this instance.").

We hold the trial court abused its discretion by denying WLDC's motion to strike the petition in intervention, and we conclude that WLDC does not have an adequate remedy by appeal. We conditionally grant the writ of mandamus. We direct the trial court to vacate its order and enter an order granting WLDC's motion to strike the plea in intervention. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court does not do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on March 22, 2013
Opinion Delivered April 25, 2013
Before Gaultney, Kreger, and Horton, JJ.