In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00052-CV
_____

IN RE EMPIRE SCAFFOLD, LLC

_____

Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. A-194,298
_____

**MEMORANDUM OPINION**

In this mandamus proceeding,[1] Relator, Empire Scaffold, LLC, contends the

58th District Court of Jefferson County abused its discretion by denying a motion

to strike a petition in intervention, which was filed by eight Empire Scaffold

employees.[2] The underlying suit involves the claims of seven former employees[3]

---

[1] After the mandamus petition was filed, we stayed the proceedings in the trial court and requested a response. *See* Tex. R. App. P. 52.10(b).

[2] The Real Parties in Interest are Todd Fawvor, Albertico Araujo Ramos, Ronnie Joseph Arline, Kevin Larue Haney, Daniel Hernandez, Hector Olivarez, Joaquin Ramirez Soloana, and Derek Christopher Zenon.

1

of ABClean, Inc. and United States Industrial Services, Inc. against their former employers for allegedly breaching their employment agreements as related to a job incentive program that was in effect during the period their employers had contracts to perform work on the Motiva Crude Oil Expansion Project. In its petition seeking mandamus relief, Empire Scaffold asserts that the intervening Empire Scaffold employees lack a justiciable interest in the underlying suit because it involves a suit filed by employees of companies other than Empire Scaffold seeking relief against their employers and not Empire Scaffold. The Empire Scaffold employees contend that they had a right to intervene in the underlying suit, and claim they have "a legal and equitable interest" in the trial court's "determination and rulings" in the underlying suit even though it involves different employers from those sued by the plaintiffs in the underlying suit.

Empire Scaffold contends that the trial court's denial of its motion to strike the interventions of the Empire Scaffold employees constituted an abuse of discretion. The Texas Rules of Civil Procedure allow a person to intervene in another's suit, but the right to intervene is subject to the trial court's right to later strike the intervention. *See* Tex. R. Civ. P. 60. Therefore, when any party to the

---

[3] The original suit was filed by Kenneth Lee Erwin, Calvin Scott Sanders, Glenda King, David Lopez, Harold Ulysses Nellar, Richard Stanley Smith, Roderick Broussard, and Carl James Stewart.

2

pending suit moves to strike the intervention, the intervenors have the burden to show that they have a justiciable interest in the pending suit. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). A justiciable interest exists if in the underlying suit, had it been originally filed by the intervenors as the sole plaintiffs, the intervenors would have been entitled to recover, in their own names, at least a part of the relief being sought in the original suit. *Id.* at 155. Therefore, under *Union Carbide,* and to defeat Empire Scaffold's motion to strike, the Empire Scaffold employees were required to demonstrate that they possess a right to recover a part of the relief being sought by the non-Empire Scaffold employees, assuming that the non-Empire Scaffold employees had never filed their suit. *See id*; *see also In re The Woodlands Land Dev. Co., L.P.*, No. 09-13-00123-CV, 2013 WL 1790878, at *2 (Tex. App.—Beaumont Apr. 25, 2013, orig. proceeding) (mem. op.).

The Empire Scaffold employees argue that their intervention is proper because the trial court's interpretation of Motiva's job incentive program related to the contracts involving ABClean and United States Industrial will directly impact their claims, in which they also seek to recover bonus incentives available through a Motiva program on this particular project. According to the Empire Scaffold employees, they have a common right to incentive bonuses because the bonuses

arise from the same source, Motiva, which the non-Empire Scaffold employees are relying on based on the claims they are making in their suit. However, we note that Motiva is not a party to the suit.

In support of their argument, the Empire Scaffold employees rely on *Houston Lighting & Power Co. v. City of San Antonio,* 896 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). In *Houston Lighting*, two cities, Austin and San Antonio, entered into a participation agreement with HL & P to construct and operate a nuclear power plant. *Id.* at 368. Subsequently, the City of Austin sued HL & P for mishandling the project, a suit into which the City of San Antonio intervened. *Id.* at 369. The First Court of Appeals held that the trial court acted correctly denying HL & P's motion to strike, concluding that the City of San Antonio met the criteria under Rule 60 of the Texas Rules of Civil Procedure to intervene. *Id.* at 372-73; Tex. R. Civ. P. 60.

However, the claims of the Empire Scaffold employees are derived from different agreements than those brought by the ABClean and United States Industrial employees. The source of bonuses for the Empire Scaffold employees, if they qualify, are derived from their respective employment agreements with Empire Scaffold, not Motiva. The source of the bonuses of the ABClean and United States Industrial employees are based on their respective agreements with

4

their employees, not with Motiva. With respect to the intervention filed by the Empire Scaffold employees, they possess no right to relief under the agreements that ABClean and United States Industrial may have had with their respective employees. Unlike the contracts at issue in the case at bar, *Houston Lighting* involved cities that were parties to the same agreement; in this case, the contract rights on which the respective plaintiffs and intervenors rely to recover from the defendants are not based on the same contracts.

In conclusion, the record does not show that Empire Scaffold employees possess a right to recover a part of the relief sought by the non-Empire Scaffold employees. Given that the Empire Scaffold employees were not entitled to sue ABClean or United States Industrial, the defendants in the underlying suit, the Empire Scaffold employees failed to show that they possess a "justiciable interest" in the underlying suit filed by the non-Empire Scaffold employees under the requirements identified in *Union Carbide*. *See* 273 S.W.3d at 155. It follows that the trial court failed to follow the guiding principles by allowing the intervention to proceed, and that it abused its discretion by failing to grant Empire Scaffold's request to strike the intervention. *See id*.

We further conclude that Empire Scaffold is entitled to mandamus relief because it lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of*

5

*Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id*. at 136.

In this case, the principal detriment to allowing the intervention is that permitting it would allow the Empire Scaffold employees to avoid Jefferson County's Standing Order Prohibiting Joinder of Multiple Unrelated Plaintiffs and Requiring Filing Fee in Severed Cases. *See* Jefferson (Tex.) Dist. Ct. Standing Order No. 002-05. This standing order prohibits unrelated plaintiffs from suing in the same action. *Id.* Although the Empire Scaffold employees argue that their claims are related, the record demonstrates otherwise, in light of the definition of the term "unrelated" found in Standing Order 002-05, which states: "The term 'unrelated' herein means parties who are not related by blood or affinity, or who do not allege a ground of liability based solely on a single identifiable event on a single day." *Id*. The Empire Scaffold intervenors do not meet these requirements as related to the underlying case. Allowing the Empire Scaffold employees to avoid Jefferson County's random assignment system warrants mandamus relief. *See Union Carbide*, 273 S.W.3d at 157 ("On balance, mandamus review is warranted because the benefits of establishing the priority that trial courts must give to ruling

6

on motions to strike interventions and re-emphasizing the importance of both appearance and practice in maintaining integrity of random assignment rules outweigh any detriment to mandamus review in this instance."). We also conclude that the detriment to the Empire Scaffold employees is slight, given the fact that they only recently intervened and named Empire Scaffold as a party to the underlying suit.

We hold that the trial court abused its discretion by denying Empire Scaffold's motion to strike, and that Empire Scaffold does not have an adequate remedy by appeal. We conditionally grant the writ of mandamus, and we lift our stay of the proceedings in the trial court. We direct the trial court to vacate its order and to enter an order granting Empire Scaffold's motion to strike the petition in intervention. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court does not comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on March 21, 2016
Opinion Delivered April 14, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

7